IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KANESHIA JOHNSON, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 14-1299-RGA |
| FOOD LION and BRIAN LUTNESS, | : | |
| Defendants. | : | |

Kaneshia Johnson, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 24, 2014
Wilmington, Delaware

*Richard G. Andrews* [signature]
**ANDREWS, U.S. District Judge:**

Plaintiff Kaneshia Johnson filed this action seeking compensation as a result of a work related injury. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Johnson was employed by Defendant Food Lion. She alleges that she sustained a work related injury on June 22, 2012. Food Lion denied the accident and injury. Plaintiff, represented by Defendant Brian Lutness, filed a claim for compensation under the Delaware Workers' Compensation Act. Lutness settled the claim with Defendant Food Lion on December 16, 2012. Lutness apprised Johnson of the settlement on December 18, 2012, but Johnson insisted the matter be tried and terminated Lutness as her attorney. Johnson retained Gary Nitsche to represent her in the matter.

Food Lion filed a motion to enforce the settlement agreement. *See Johnson v. Food Lion*, C.A. No. N13A-08-010 CLS (Del. Super. Ct. 2014). On August 9, 2013, the Industrial Accident Board issued a written decision and granted Food Lion's motion to enforce the settlement agreement. *See id.* at 6. Johnson appealed the decision to the Superior Court of the State of Delaware in and for New Castle County. On April 14, 2014, the Superior Court affirmed the decision of the Industrial Accident Board. *See id.* at 14. It does not appear that Johnson appealed the decision. The instant complaint was filed on October 10, 2014.

Johnson alleges there was a cover-up "that Food Lion and Workmen's Comp don't want to take responsibility to what happened to [her] for [her] spinal injury." (D.I. 1 at 3). She appears to seek compensatory damages.

The Complaint contains no jurisdictional statement, and the Court perceives no basis for federal jurisdiction. Under Delaware law, the general rule is that the workers' compensation administrative process is the exclusive remedy for an employee who has a work-related accident causing personal injury or death. See 19 Del. C. § 2304. "[C]laims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims." Rafferty v. Hartman Walsh Painting Co., 760 A.2d 157, 159 (Del. 2000); see also Showell v. Langston, 2003 WL 1387142, at *3 (Del. Super. Mar. 5, 2003) (citing Rafferty). Here, there are no allegations of an intentional injury. Nor are there facts alleging a "deliberate intent to bring about an injury." Rafferty, 760 A.2d at 160; see also E.E.O.C. v. Avecia, Inc., 151 F. App'x 163 (3d Cir. 2005). Notably, Plaintiff filed a worker's compensation claim and that claim was settled. This Court has no jurisdiction over Plaintiff's claims of injury while in the employ of Food Lion. The exclusive remedy for Johnson's work related claims lies under the Delaware Workers' Compensation Act. 19 Del. C. §§ 2301-2391.

In addition, it does not appear that there is diversity jurisdiction. The complaint and its exhibits indicate that Johnson and Lutness are both citizens of the State of Delaware as are Defendants. Hence, the requisites for diversity jurisdiction are not met. See 28 U.S.C. § 1332(a) (for diversity jurisdiction the matter in controversy must

2

exceed the sum or value of $75,000, exclusive of interest and costs); *id.* at § 1332(a)(1) (for diversity jurisdiction the matter in controversy must be between citizens of different States). Accordingly, the Court lacks subject matter jurisdiction over this matter.

Finally, Johnson seeks to have this court overturn or set aside the decisions of the Delaware Courts. The federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. 2002). The issues raised by Johnson were resolved by the Delaware state courts.

The *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing Johnson's claims to proceed against Defendants would allow her to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the Court cannot exercise jurisdiction

---

[1]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

3

For the above reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction. Amendment is futile.

An appropriate order will be entered.